United States District Court
Southern District of Texas
FILED

FEB 0 7 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
JOSE MARTIN OVIEDO-SIFUENTES,    )
                                 )
v.                               )    C.A.  B-02-198
                                 )
CHARLES ARENDALE, et al.         )
                                 )
```

**PETITIONER'S OPPOSITION TO INS' MOTION TO DISMISS PETITION FOR
WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION**

TABLE OF CONTENTS

I. INS' ARGUMENT IS BASED ON *DICTA*, AND IS CONTRADICTED
BY THE HOLDING OF OTHER FIFTH CIRCUIT CASES ................ 1

II. INS' CLAIM IS ALSO UNTENABLE IN LIGHT OF PRIOR FIFTH
CIRCUIT (AND SUPREME COURT) DECISIONS BY WITH RESPECT TO
THE AVAILABILITY OF HABEAS CORPUS FOR ALIENS UNDER FINAL
ORDERS OF DEPORTATION....................................... 3

TABLE OF AUTHORITIES

CASES

*Balogun v. Ashcroft*,
    270 F.3d 274 (5th Cir. 2001) ............... 1, 2

*Batiste v. Island Records, Inc.*,
    179 F.3d 217 (5th Cir. 1999) ................... 3

*Bosede v. Ashcroft*,
    309 F.3d 441 (7th Cir. 2002) ............ 6, 11, 12

*Calcano-Martinez v. INS*,
    121 S.Ct. 2268 (2001) ................... 1-3, 10, 12

*Cano-Miranda v. Ashcroft*,
    262 F.3d 477 (5th Cir. 2001) ................ 1, 2

*Flores-Leon v. INS*,
    272 F.3d 433, 437 (7th Cir. 2001) ............. 11

*Gutierrez-Chavez v. INS*,
   298 F.3d 824 (9th Cir. 2002) . . . . . . . . . . . . . . . . . 2

*INS v. St. Cyr*,
   121 S.Ct. 2271 (2001) . . . . . . . . . . . . 1-3, 9, 10, 12

*LaGuerre v. Reno*,
   164 F.3d 1035 (7th Cir. 1998) . . . . . . . . . . . . 5, 6, 8

*Lara-Ruiz v. INS*,
   241 F.3d 934 (7th Cir. 2001) . . . . . . . . . . . . . . . 1, 2

*Lerma de Garcia v. INS*,
   141 F.3d 215 (5th Cir. 1998) . . . . . . . . 1, 2, 6, 7, 9, 10

*Max-George v. Reno*,
   205 F.3d 194 (5th Cir. 2000) . . . . . . . . . . . . 1, 2, 9-12

*Mendez-Rosas v. INS*,
   87 F.3d 672 (5th Cir. 1996) . . . . . . . . . . . . . . . . . 6

*Nehme v. INS*,
   252 F.3d 415 (5th Cir. 2001) . . . . . . . . . . . . . . . 1, 2

*Nguyen v. INS*,
   117 F.3d 206 (5th Cir. 1997) . . . . . . . . . . . . . 6, 7, 10

*Orozco v. INS*,
   911 F.2d 539 (11th Cir. 1990) . . . . . . . . . . . . . . . . 4

*Perez v. Elwood*,
   294 F.3d 552 (3rd Cir. 2002) . . . . . . . . . . . . . . . . 2

*Reno v. American-Arab Anti-Discrimination Comm.*, "AADC"
   525 U.S. 471 (1999) . . . . . . . . . . . . . . . . . . . 8, 9

*Requena-Rodriguez v. Pasquarell*,
   190 F.3d 299 (5th Cir. 1999) . . . . . . . . . . . . . . 5, 7, 8

*Richardson v. Reno*,
   180 F.3d 1311 (11th Cir. 1999) . . . . . . . . . . . . . . . 10

*Sandoval v. INS*,
   240 F.3d 577 (7th Cir. 2001) . . . . . . . . . . . . . . . . 12

*Singh v. Reno*,
    182 F.3d 504 (7th Cir. 1999) . . . . . . . . . . . . . . . . 8

*Smith v. Amedisys*,
    298 F.3d 434 (5th Cir. 2002)    . . . . . . . . . . . . . . 3

*Smith v. Ashcroft*,
    295 F.3d 425 (4th Cir. 2002) . . . . . . . . . . . . . . . 2

*Sol v. INS*,
    274 F.3d 648 (2nd Cir. 2001) . . . . . . . . . . . . . . . 2

*Sotelo-Mondragon v. Ilchert*,
    653 F.2d 1254 (9th Cir. 1980)   . . . . . . . . . . . . . 4

*United States ex rel. Marcello v. INS*,
    634 F.2d 964 (5th Cir. 1981) . . . . . . . . . . . . . 4, 5

*Williams v. INS*,
    114 F.3d 82 (5th Cir. 1997)    . . . . . . . . . . 6, 7, 10

*Yang v. INS*,
    109 F.3d 1185 (7th Cir. 1997) . . . . . . . . . . . . . . 12

### STATUTES

8 U.S.C. §1252(a)(2)(C) . . . . . . . . . . . . . . . 2, 3, 9, 11

8 U.S.C. §1252(g) . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. §1367 . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. §2241 . . . . . . . . . . . . . . . . . . . 5, 8, 10

Antiterrorism and Effective Death Penalty Act, ("AEDPA")
    §440(a)   . . . . . . . . . . . . . . . . . . . . . . . . 6

AEDPA §440(d) . . . . . . . . . . . . . . . . . . . . . . . . 9

Illegal Immigrant Reform and Immigrant
    Responsibility Act ("IIRIRA")
    §309(c)(4)(G)   . . . . . . . . . . . . . . . . . 6, 7, 11

Petitioner, through counsel, hereby files the instant Opposition to Respondents' Motion to Dismiss his Petition for Habeas Corpus for Lack of Jurisdiction.

### I. INS' ARGUMENT IS BASED ON *DICTA*, AND IS CONTRADICTED BY THE HOLDING OF OTHER FIFTH CIRCUIT CASES

INS urges that the instant case be dismissed for lack of jurisdiction. This claim is premised on the assertion that "the court of appeals could have heard the issue[s] presented" herein, (INS:2), and that habeas review is therefore unavailable, (INS:2--3). However, the *dicta* in *Balogun v. Ashcroft*, 270 F.3d 274 (5th Cir. 2001), quoted at (INS:5), in support of their claim that the Fifth Circuit could have heard Petitioner's constitutional claims, is based on decisions that were explicitly overruled by *INS v. St. Cyr*, 121 S.Ct. 2271 (2001), and *Calcano-Martinez v. INS*, 121 S.Ct. 2268 (2001), and is inconsistent with other Fifth Circuit cases.[1] In *Balogun*, *supra* at 278,n.11, the Fifth Circuit commented:

> Courts also retain jurisdiction to consider whether the jurisdiction-stripping provisions of the statute are being constitutionally applied and to consider any substantial constitutional claims. Nehme v. INS, 252 F.3d 415, 420 (5th Cir. 2001); Lara-Ruiz v. INS, 241 F.3d 934,939 (7th Cir. 2001). Balogun raises no constitutional challenges at all, so this alternative route to jurisdiction over the case is not open to us.

That this is *dicta* is self-evident. Moreover, the cases on which it is based, *Nehme v. INS*, and *Lara-Ruiz v. INS*, both precede *St.*

---

[1] *E.g*, *Cano-Miranda v. Ashcroft*, 262 F.3d 477 (5th Cir. 2001) (court erred in dismissing for want of jurisdiction a §2241 petition complaining of denial of due process in removal proceedings). The other cases cited pre-date *St. Cyr*, and therefore cannot be considered good law with respect to this issue. Further, *Max-George v. Reno*, 205 F.3d 194 (5th Cir. 2000), which adopted the position urged by INS herein, was based on that Court's conclusion that habeas review had been abrogated, and was overruled by *St. Cyr* and *Calcano*. A revival of this procedure is foreclosed by prior 5th Cir. cases holding that the jurisdictional bars of AEDPA and IIRIRA are absolute, and that any remaining review must be in habeas. *See, Lerma de Garcia v. INS*, 141 F.3d 215 (5th Cir. 1998).

*Cyr* and *Calcano, supra*. This aspect of *Nehme, supra* at 420, is based on *Max-George v. Reno, supra*, one of the cases explicitly disavowed in *St. Cyr, supra* at 2275, n.1. *Lara-Ruiz* is a Seventh Circuit case. That Court, as discussed below, has a different decisional history than the Fifth Circuit: one which can encompass the premise INS urges herein. However, absent a complete disavowal of prior precedent, the position urged by INS is foreclosed in this Circuit by such cases as *Lerma de Garcia, supra*, which held that, given that some habeas corpus review continued to exist, the jurisdictional bars of AEDPA and IIRIRA absolutely precluded direct review by the Court of Appeals of cases within their scope, (*i.e.*, for immigrants deportable for certain criminal convictions), even with respect to attacks on the constitutionality of IIRIRA.

Not coincidentally, no later case cites *Balogun* for the position urged by INS.[2] To the contrary, in *Cano-Miranda supra*, the Fifth Circuit explicitly recognized that *St. Cyr* invalidated this aspect of *Max-George v. Reno*, 205 F.3d 194 (5th Cir.2000), holding that the immigrant's Due Process claim could be heard in habeas. Other circuit courts have reached similar conclusions.[3]

Even assuming, *arguendo*, that some or all of Petitioner's various constitutional claims could have been heard on a petition for review, statutory issues such as the claim that the BIA improperly

---

[2] It is also noteworthy that there are no post-*St.Cyr*, Fifth Circuit cases, which, on direct review from the BIA, address the constitutional claims of a petitioner who falls within the scope of 8 U.S.C. §1252(a)(2)(C). Rather, such cases are routinely dismissed for lack of jurisdiction, on motion of INS.

[3] *See, Gutierrez-Chavez v. INS*, 298 F.3d 824 (9th Cir. 2002) (habeas review encompasses constitutional and statutory claims); *Smith v. Ashcroft*, 295 F.3d 425 (4th Cir. 2002) (habeas review was available to address constitutional claims on reinstatement of deportation order); *Perez v. Elwood*, 294 F.3d 552 (3rd Cir. 2002) (court had jurisdiction over statutory and constitutional claims in habeas corpus); *Sol v. INS*, 274 F.3d 648 (2nd Cir. 2001) (same).

2

classified the underlying offense as an aggravated felony would not be reviewable in that context. *Calcano-Martinez, supra.* Therefore, this Court's jurisdiction over claims which could not have been raised in the Fifth Circuit would allow it to exercise jurisdiction over the remaining claims, under 28 U.S.C. §1367 (supplemental jurisdiction). And, since supplemental jurisdiction is vested only in the district courts, the Fifth Circuit could not utilize §1367 to exercise jurisdiction over petitioner's statutory claims. This would mitigate strongly in favor of consolidating all petitioner's statutory and constitutional claims in this Court. [4]

Given its different decisional history, [5] the result INS seeks might be possible in the Seventh Circuit. [6] But **no post-*St. Cyr* case** in *any* circuit holds that habeas review of constitutional claims was impermissible because (notwithstanding 8 U.S.C. §1252(a)(2)(C)), such claims could have been, but were not, raised on direct review. Certainly, if such were the law, at least one court would have so held in the year and a half following *St. Cyr*.

**II. INS' CLAIM IS ALSO UNTENABLE IN LIGHT OF PRIOR FIFTH CIRCUIT (AND SUPREME COURT) DECISIONS BY WITH RESPECT TO THE AVAILABILITY OF HABEAS CORPUS TO IMMIGRANTS UNDER FINAL ORDERS OF DEPORTATION.**

---

[4] *Smith v. Amedisys*, 298 F.3d 434,446-7 (5th Cir. 2002), quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217,227 (5th Cir. 1999) (decision to exercise supplemental jurisdiction is based on "provisions of 28 U.S.C. §1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity.")

[5] Unlike the Fifth Circuit in *Lerma*, the Seventh Circuit did not hold that the jurisdictional bar of IIRIRA §309(c)(4)(G) was so absolute that constitutional claims could be raised only in habeas.

[6] Such a holding would also make no sense from the point of view of judicial economy. It would require immigrants with both statutory and constitutional claims to file petitions both in the court of appeals, and district court, since the supplemental jurisdiction of 28 U.S.C. §1367 is limited to the district courts.

As outlined at oral argument on January 23, 2003, the same result is reached by examining the prior decisions of the Fifth Circuit, and *INS v St. Cyr*, 121 S.Ct. 2271 (2001). With apologies for indulging in a lengthy quotation, the Supreme Court's examination of the history of habeas in the deportation context, *id.* at 2284-85 (emphasis added) (footnotes 32 and 33 in original), is instructive:

> Under the 1952 Act, district courts had broad authority to grant declaratory and injunctive relief in immigration cases, including orders adjudicating deportability and those denying suspensions of deportability. See Foti v. INS, 375 U.S. 217, 225-226, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). The 1961 Act withdrew that jurisdiction from the district courts and provided that the procedures set forth in the Hobbs Act would be the "sole and exclusive procedure" for judicial review of final orders of deportation, subject to a series of exceptions. See 75 Stat. 651. The last of those exceptions stated that "any alien held in custody pursuant to an order of deportation may obtain review thereof by habeas corpus proceedings." See *id.*, at 652, codified at 8 U.S.C. § 1105a(10) (repealed Sept. 30, 1996).
>
> The INS argues that the inclusion of that exception in the 1961 Act indicates that Congress must have believed that it would otherwise have withdrawn the pre-existing habeas corpus jurisdiction in deportation cases, and that, as a result, the repeal of that exception in AEDPA in 1996 implicitly achieved that result. It seems to us, however, that the 1961 exception is best explained as merely confirming the limited scope of the new review procedures. In fact, the 1961 House Report provides that this section "in no way disturbs the Habeas Corpus Act." [FN32] H.R.Rep. No. 1086, 87th Cong., 1st Sess., 29 (1961). **Moreover, a number of the courts that considered the interplay between the general habeas provision and INA § 106(a)(10) after the 1961 Act and before the enactment of AEDPA did not read the 1961 Act's specific habeas provision as supplanting jurisdiction under § 2241.** Orozco v. INS, 911 F.2d 539, 541 (C.A.11 1990); **United States ex rel. Marcello v. INS, 634 F.2d 964, 967 (C.A.5 1981);** Sotelo Mondragon v. Ilchert, 653 F.2d 1254, 1255 (C.A.9 1980).
>
> FN32. Moreover, the focus of the 1961 amendments appears to have been the elimination of Administrative Procedure

4

Act (APA) suits that were brought in the district court and that sought declaratory relief. See, e.g., H.R. No. 2478, 85th Cong., 2d Sess., 9 (1958) ("[H]abeas corpus is a far more expeditious judicial remedy than that of declaratory judgment"); 104 Cong. Rec. 17173 (1958) (statement of Rep. Walter) (stating that courts would be "relieved of a great burden" once declaratory actions were eliminated and noting that habeas corpus was an "expeditious" means of review).

In any case, whether § 106(a)(10) served as an independent grant of habeas jurisdiction or simply as an acknowledgment of continued jurisdiction pursuant to § 2241, its repeal cannot be sufficient to eliminate what it did not originally grant--namely, habeas jurisdiction pursuant to 28 U.S.C. § 2241. [FN33]  See Ex parte Yerger, 8 Wall., at 105-106 (concluding that the repeal of "an additional grant of jurisdiction" does not "operate as a repeal of jurisdiction theretofore allowed"); Ex parte McCardle, 7 Wall. 506, 515, 19 L.Ed. 264 (1869) (concluding that the repeal of portions of the 1867 statute conferring appellate jurisdiction on the Supreme Court in habeas proceedings did "not affect the jurisdiction which was previously exercised").

FN33. **As the INS acknowledges, the overwhelming majority of Circuit Courts concluded that district courts retained habeas jurisdiction under § 2241 after AEDPA.** See Goncalves v. Reno, 144 F.3d 110 (C.A.1 1998); Henderson v. INS, 157 F.3d 106 (C.A.2 1998); Sandoval v. Reno, 166 F.3d 225 (C.A.3 1999); Bowrin v. INS, 194 F.3d 483 (C.A. 4 1999); **Requena-Rodriguez v. Pasquarell, 190 F.3d 299 (C.A. 5 1999)**; Pak v. Reno, 196 F.3d 666 (C.A. 6 1999); Shah v. Reno, 184 F.3d 719 (C.A.8 1999); Magana-Pizano v. INS, 200 F.3d 603 (C.A.9 1999); Jurado-Gutierrez v. Greene, 190 F.3d 1135 (C.A.10 1999); Mayers v. INS, 175 F.3d 1289 (C.A.11 1999). **But see LaGuerre v. Reno, 164 F.3d 1035 (C.A.7 1998).**

This passage illustrates two points. First, it cites with approval the Fifth Circuit's ruling in Marcello v. INS, supra at 971, that even after the 1961 Act, habeas corpus under §2241 co-existed with other forms of review of deportation orders where there was no "deliberate by-pass" of available review in the court of appeals. It also notes that the Fifth Circuit was among the majority of circuit courts, which had concluded that habeas jurisdiction

5

continued under IIRIRA for "transitional cases," while the Seventh Circuit stood alone in taking a contrary position. [7]

The history of the development of Fifth Circuit law on this point is instructive. INS initially urged that the jurisdiction-stripping provisions of AEDPA and IIRIRA were absolute, and that any remaining review would be via habeas corpus. [8] The Fifth Circuit concurred. *See, Mendez-Rosas v. INS,* 87 F.3d 672,673 (5th Cir. 1996) (AEDPA §440(a) retroactively eliminated judicial review of order of deportation); *Williams v. INS,* 114 F.3d 82,84 (5th Cir. 1997) (same, holding that §440(a) was not unconstitutional because opportunity to apply for habeas remained); *Nguyen v. INS*, 117 F.3d 206,207 (5th Cir. 1997) (IIRIRA §309(c)(4)(G) "completely forecloses our jurisdiction to review decisions of the BIA."), and *Lerma de Garcia supra,* (Given opportunity for criminal aliens to apply for habeas corpus, and given provision of IIRIRA precluding judicial review of final deportation orders for aliens convicted of certain criminal offenses, Court of Appeals lacked jurisdiction to hear petitioner's constitutional claims in the context of her appeal of final order of deportation). In *Lerma de Garcia, supra* at 216, INS first urged that notwithstanding IIRIRA §309(c)(4)(G), constitutional claims should be heard in the first instance by the Court of Appeals:

---

[7] In *LaGuerre,* the Seventh Circuit held that habeas review had been abrogated, but that constitutional claims could be heard by that Court. This divergence continues to date, with the result that INS apparently seeks herein. *See, Bosede, supra* (review-preclusion provisions do not prevent the court from determining whether the alien is removed for a permissible reason; alien may not raise other constitutional or statutory challenges on direct review, but habeas corpus remains available for such claims).

[8] It was INS' position at that time that the scope of such review was extremely limited, a point which the petitioner successfully argued in *Lerma de Garcia v. INS,* 141 F.3d 215, 217 (5th Cir. 1998) was not, at that point, before the Court.

6

> The instant case is unique in that--unlike the earlier opinions--Petitioner is not seeking review of the BIA's decision, but rather is challenging the BIA's proceedings, as well as IIRIRA, on constitutional grounds. Indeed, the parties now agree that this court lacks jurisdiction to hear this appeal, but disagree over the reason. Petitioner maintains that regardless of the nature of her claim, this court lacks jurisdiction over this appeal, and that the proper avenue of relief is through writ of habeas corpus. Respondent maintains that although this court generally lacks jurisdiction to review deportation orders predicated on section 241(a)(2)(B)(i), this court may exercise jurisdiction if it finds that petitioner has suffered a "substantial constitutional" violation. Because, Respondent argues, the petitioner has not alleged a substantial constitutional violation, it concludes that this court lacks jurisdiction over this appeal. The issue is therefore whether such an exception to the jurisdictional bar set forth under IIRIRA § 309(c)(4)(G) exists.

However, given its earlier precedent, which had adopted INS' prior position, the Fifth Circuit declined to change course with respect to the transitional cases, and concluded that it could not hear Ms. Lerma de Garcia's constitutional claims. *Id.* at 217: [9]

> We have already followed our sister circuits in noting that "criminal deportees retain some opportunity to apply for writs of habeas corpus." Nguyen, 117 F.3d at 207; see also Williams v. INS, 114 F.3d 82, 84 (5th Cir.1997) (noting that the "limited opportunity to apply for a writ of habeas corpus may remain"); ...
>
> Because we agree with Petitioner that "the scope of judicial review remaining in habeas is not presently before this Court," we will not at this time address the limits of judicial review that remain available.
>
> Pursuant to IIRIRA § 309(c)(4)(G), this court lacks jurisdiction over this appeal.

Next came *Requena-Rodriguez v. Pasquarell,* 190 F.3d 299 (5th Cir.

---

[9] At oral argument in *Lerma de Garcia,* the Court questioned INS about their change of position on this point, and expressed some annoyance at their inability to justify it.

1999), an appeal from the denial of a petition for habeas corpus in a transitional case. There, the Court was directly faced with the question of whether habeas survived in such cases, and if so, the scope of habeas review. In resolving the case, the Court reasoned, *id.* at 304-305 (footnotes 15-18 omitted) (emphasis added):

> Since American-Arab [Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471 (1999) "AADC"] was decided, the Fourth, Sixth, Eighth, Tenth, and Eleventh Circuits have found that § 2241 habeas jurisdiction continues to exist under IIRIRA's transitional rules outside of § 1252(g). ... The Third Circuit has reiterated its view that § 2241 jurisdiction persists even under IIRIRA's permanent provisions. ... Presumably, the First and Second Circuits likewise will feel no compulsion from American-Arab to abandon their prior determinations that § 2241 survives.... Given that the Ninth Circuit has beat a noncommittal retreat from its earlier holding that IIRIRA repeals § 2241, ... **the Seventh Circuit is the only circuit arguably maintaining that there is no habeas jurisdiction in cases under the transitional rules.** [FN19]
>
> FN19. See LaGuerre v. Reno, 164 F.3d 1035 (7th Cir.1998); see also Singh v. Reno, 182 F.3d 504 (7th Cir.1999) (following LaGuerre).

Thus, *Requena-Rodriguez* held that habeas jurisdiction under §2241 survived, for transitional cases. *Id.* at 305 (footnote omitted):

> We conclude that § 2241 habeas jurisdiction continues to exist under IIRIRA's transitional rules in cases involving final orders of deportation against criminal aliens, and that habeas jurisdiction is capacious enough to include constitutional and statutory challenges if those challenges cannot be considered on direct review by the court of appeals. ...
> ...
> Instead, this court finds particularly compelling the language of the statutory provisions at issue. As both hoary and recent Supreme Court cases explain, Congress must be explicit if it wishes to repeal habeas jurisdiction. ... Yet the alleged jurisdiction-stripping provisions here are simply not explicit.

And as the Court obliquely recognized, [10] this result was all but mandatory, under prior precedent. The constitutional issue raised in *Requena* was an Equal Protection challenge to AEDPA §440(d), and the statutory issue, the alleged retroactivity of that provision: the same statutory issue addressed in *St. Cyr, supra*. At least for transitional cases, therefore, the Fifth Circuit sanctioned the use of habeas corpus to address such claims.

With respect to the "permanent rules" of IIRIRA, the Fifth Circuit was free to write on a clean slate. The language of the jurisdiction-stripping provisions was slightly different, and, as intimated by the Supreme Court in AADC, seemed even more forceful than those for transitional cases. Moreover, from the beginning, INS urged that in these cases, and notwithstanding the statutory bars, certain types claims could be heard by the Courts of Appeals.

The result was *Max-George v. Reno*, 205 F.3d. 194 (5th Cir. 2000), holding that the language of IIRIRA, (codified at 8 U.S.C. §1252(a)(2)(C) ("notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against alien who is removable by reason of having committed [certain covered offenses]"), was an explicit manifestation of Congressional intent to eliminate even the habeas jurisdiction of federal courts, and deprived the district court of jurisdiction over Requena's

---

[10] *Id.* at 304:

> The relevant jurisdictional question in this case can now be summarized as follows: Does any habeas jurisdiction to review final deportation orders survive under IIRIRA's transitional rules ... ?
>
> Apart from dicta in cases involving direct review of the BIA, [FN14] the Fifth Circuit has not answered this question. ...
>
> FN14. See Lerma de Garcia, 141 F.3d at 217 (repeating notations in prior cases that "criminal deportees retain some opportunity to apply for writs of habeas corpus").

9

claims. In response to his argument that this violated the Suspension Clause, the Court followed *Richardson v. Reno*, 180 F.3d 1311 (11th Cir.1999), in concluding as follows, *id.* at 200:

> [O]n petitions for review, assuming that the jurisdictional bar applies, and depending on the petitioner's arguments, "jurisdiction remains to consider whether the level of judicial review remaining in a particular case satisfies the [Constitution]." Richardson, 180 F.3d at 1315. [FN7]
> ...
> FN7. We recognize that, under the transitional rules, we have held that jurisdiction over constitutional claims challenging the validity of BIA procedures was precluded on direct review. See Lerma de Garcia, 141 F.3d at 217; Nguyen, 117 F.3d at 207; Williams, 114 F.3d at 84. In those cases, we noted that the potential lack of an avenue to review constitutional claims was mitigated by the possibility of "some opportunity to apply for a writ of habeas corpus" under the transitional rules. ... However, as described supra, the permanent rules explicitly remove all habeas jurisdiction from the federal courts, while consolidating all review of immigration decisions to petitions for review filed in the courts of appeals. As we noted in Lerma de Garcia, "when a petitioner brings a constitutional challenge against the BIA proceedings themselves, an avenue of judicial review may be required." ... Given that IIRIRA's permanent rules channel all judicial review into petitions for review to be filed in the courts of appeals, constitutional challenges to BIA and to the scope of review must be brought in that context.

From this, it is clear that the Fifth Circuit's holding in *Max-George* that, under the permanent rules, constitutional challenges had to be heard by that Court in the first instance, derived from its conclusion that habeas review under §2241 had been eliminated. In *St. Cyr* and *Calcano*, the Supreme Court destroyed this rationale.

In order for this Court to resurrect this aspect of *Max-George*, and conclude that notwithstanding the survival of habeas review, the Court of Appeals could hear constitutional questions posed in cases

10

covered by 8 U.S.C. §1252(a)(2)(C) on direct review, it would have to conclude that the jurisdictional bar of §1252(a)(2)(C) was *less explicit* than the comparable provision for transitional cases, to wit, IIRIRA §309(c)(4)(G). In other words, this Court would have to hold that, notwithstanding the continued existence of habeas corpus, §1252(a)(2)(C) still permitted the Fifth Circuit to review constitutional claims in the context of a petition for review.

But as seen above, that Court has already concluded the opposite in *Max-George*, where it held that in contrast to IIRIRA §309(c)(4)(G), the language of §1252(a)(2)(C) was sufficiently "explicit" even to repeal habeas jurisdiction in such cases. Although the Supreme Court disagreed, this only means that the language was not explicit enough: it does not disturb the Fifth Circuit's holding that it was *more explicit* than IIRIRA §309(c)(4)(G). It would therefore be improper for this Court to reach a contrary conclusions: *i.e.*, that §1252(a)(2)(C) was less explicit than IIRIRA §309(c)(4)(G), and still permitted direct review by that Court of issues cognizable in habeas. Even more improper would be the holding that INS seeks: to wit, that although habeas still exists, and there is a statutory bar to direct review by the Fifth Circuit, this Court lacks habeas jurisdiction over any of the issues presented herein because the Fifth Circuit could have heard some of them in the first instance.

Notably, the Seventh Circuit does not face this dilemma. It has (almost) consistently held that certain types of issues could be heard, in the first instance, by that Court, notwithstanding the various jurisdictional bars. Therefore, no abrupt about face was required for that Court to conclude that certain constitutional claims, (but not others), could be heard directly by that Court. As explained in *Bosede, supra* at 445-446 (emphasis added):

> At a minimum, this court retains jurisdiction to determine its own jurisdiction. *Flores-Leon v. I.N.S.*, 272 F.3d 433, 437 (7th Cir. 2001). **We have held before on**

11

> a number of occasions that the review-preclusion provisions in the 1996 amendments to the immigration laws do not prevent us from determining whether the alien is being removed for a permissible reason. *Sandoval v. I.N.S.*, 240 F.3d 577, 580 (7th Cir. 2001); *Yang v. I.N.S.*, 109 F.3d 1185, 1192 (7th Cir. 1997). Under the Supreme Court's decisions in *Calcano-Martinez v. I.N.S.*, 533 U.S. 348, 150 L. Ed. 2d 392, 121 S. Ct. 2268 (2001), and *I.N.S. v. St. Cyr*, 533 U.S. 289, 150 L. Ed. 2d 347, 121 S. Ct. 2271 (2001), **it is also clear that Bosede may not raise other constitutional or statutory challenges in a direct review petition**, but that habeas corpus under 28 U.S.C. § 2241 remains available for some such claims. *See Calcano-Martinez*, 533 U.S. at 351. We are therefore precluded from considering in the present appeal Bosede's claim that his Fifth Amendment due process rights were violated in the proceedings before the IJ, and we express no opinion on that argument.

However, even the Seventh Circuit has not been faced with a case such as the one at bar, where a habeas petition raised issues which could not be heard directly by that Court, (such as Bosede's Due Process claim, and Ms. Salazar's statutory arguments), as well as issues which, under that Court's precedent, could have been raised directly on petition for review. It remains to be seen how that Court will address such a situation. However, it is all but impossible for the Fifth Circuit to again accommodate INS, by reinstating that aspect of *Max-George* allowing for consideration by that Court, in the first instance, when the theoretical basis for that holding, to wit, the lack of any other venue in which to raise such constitutional claims, was destroyed by *St. Cyr* and *Calcano*. There is even less justification for this Honorable Court to conclude that it will do so, and to dismiss the instant petition.

WHEREFORE, it is respectfully urged that INS' motion to dismiss, on the grounds that the issues raised herein could have (allegedly) been heard by that Court in the first instance, be DENIED.

12

Respectfully Submitted,

*[signature: Lisa S. Brodyaga]*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, and proposed Order, were personally served on the Office of Lisa Putnam, SAUSA, this 7th day of February 2003.

_____